## Binsse and LaFarge, executors, &c. *vs.* Wood.

L. by an agreement or lease in writing, demised to W. certain premises on which the lessor was erecting a hotel, for a term of ten years from May 1, 1853, at a rent of $48,000 a year, payable in equal monthly installments. It was agreed that the rent should commence as soon as the hotel should be finished; that B. and A., or in case of their disagreement, an umpire, to be selected by them, should determine when the rent should commence; and that in case B. should become unable or refuse to act, it should be the duty of W. to appoint some person to be B.'s successor. On the 8th of January, 1854, the hotel was destroyed by fire, which put an end to the lease. At that time it had not been determined when the rent should commence. B. went to Europe, on the 5th of January, 1855, and had not since returned, and was therefore unable to act. On the 22d day of February, 1855, W. by an instrument in writing, appointed P. L. to be the substitute or successor of B. as arbitrator, and P. L. consented to act. On the 2d of December, 1856, A. and P. L. notified the lessor and lessee of the time and place when they would meet to hear the proofs and allegations of the parties as to the time when the rent should commence. At the time fixed (December 15, 1856,) they met, and on the 23d of January, 1857, determined that the rent should commence on the 15th day of November, 1853.

*Held,* that the appointment of P. L. as arbitrator was in conformity with the lease; B. being, by reason of his absence, unable to act.

*Held, also,* that no notice to a surety in the lease, of the appointment of the substituted arbitrator, or of the proceedings in the arbitration, was necessary; notice of such proceedings to his principal, the lessee, being sufficient.

*Held, further,* that the surety of the lessee was liable for interest upon the amount of rent due on the lease, only from the 23d of January, 1857, the date of the decision of the arbitrators. That the liability of his principal (the lessee) was not fixed until then, by the express terms of the lease; and the surety could only be liable for interest from that time.

THIS action was brought by the plaintiffs as executor and executrix of John La Farge, deceased, to recover of the defendant, as surety of the lessee, certain rents reserved in and by a written lease. On the 27th of January, 1853, John La Farge and Charles Wright entered into an agreement, in writing and under seal, by which La Farge demised to Wright the premises then already built up and known as Metropolitan Hall; also the premises adjoining and fronting on Broadway, in the city of New York, on which La Farge was then erecting a hotel, for the period of ten years from May 1st,

Binsse *v.* Wood.

1853, at the annual rent of $48,000, payable in equal monthly payments of $4000 each, "on the first day of every month, *after the rent should commence as thereinafter provided.*" And it was agreed that "the rent should commence as soon as the said hotel should be finished and fit for occupancy as thereinafter provided." La Farge agreed that he would complete the hotel with reasonable dispatch, according to certain plans and specifications. By the sixth article, it is provided as follows: "Philip Burrowes and Charles E. Appleby, or in case of their disagreement an umpire to be selected by them, shall determine when the payment of the rent shall commence, according to the provisions of this indenture." And by the sixteenth article it is provided as follows: "In case the said Philip Burrowes shall become unable or refuse to act in discharge of the powers herein conferred upon him, it shall be the duty of the said Wright to appoint some person to be the successor of said Burrowes. And in case the said Charles E. Appleby shall become unable or refuse to act in discharge of the duties herein conferred upon him, it shall be the duty of the said La Farge to appoint some person to be the successor of said Appleby ; and such successors of the said Burrowes and of the said Appleby, respectively, shall be vested with all the rights and powers hereby conferred upon them." Provisions were also inserted whereby Burrowes and Appleby were to ascertain, in like manner, what abatement on the rent ought to be made in case the premises were partially damaged by fire, or in case the business should be interrupted by reason of any epidemic disease. And in case of a total destruction by fire, the lease was to terminate. Annexed is an instrument, bearing even date with the lease, (January 27th, 1853,) and executed under the hand and seal of the defendant, as follows: "I William L. Wood, of Hartford, Connecticut, in consideration of the execution of the foregoing lease, by John La Farge, and the sum of one dollar to me in hand paid by him, do hereby covenant and agree with him that Charles Wright named in the said lease, shall

well and truly pay the rent thereby agreed to be paid, during the period of one year from and after the time the rent shall commence, according to the condition of said lease ; and in case of the failure of said Wright to make such payment, I covenant and agree to and with the said La Farge that I will pay the same to the extent of $10,000, less one fifth of what said Wright may have previously paid on account of such rent. Nothing herein contained shall be regarded as an assumption of liability on my part beyond that sum." On the 8th of January, 1854, the buildings on the demised premises were destroyed by fire, and, being burned down to the ground became wholly untenantable, which terminated the lease. Up to the time of the fire, it had not been determined when the rent should commence ; and Philip Burrowes did not act because he went to Europe on the 5th of January, 1855, and has not since returned. On the 22d of February, 1855, Wright, the lessee, by an instrument in writing, executed under his hand and seal, appointed one Peter D. Loucks to be the substitute or successor of Burrowes as referee, and Loucks, by an indorsement in writing, consented to act, pursuant to the appointment. On the 2d of December, 1856, Appleby and Loucks notified La Farge and Wright, the landlord and tenant, in writing, of the time and place when the referees would hear the proofs and allegations of the parties in reference to the matters mentioned in the sixth article of the lease, that is to say, as to the time when the rent should commence. At the time and place appointed, viz. at the office of Appleby, No. 110 Broadway, New York, on the 15th of December, 1856, the referees met and were sworn ; and, after hearing the proofs and allegations of the parties, signed a written decision in these words : " At the time and place appointed in the foregoing notice, the undersigned met and proceeded to investigate the question as to the time when the payment of the rent should commence, according to the provisions of the lease referred to in the said notice ; and having been attended by the parties, and having heard all the proofs and allega-

tions which they or either of them had to offer in reference to the said question ; and the said question having been fully submitted to us for decision, we do hereby decide and determine that the said rent should commence on the 15th day of November, 1853, and that the said rent did begin to accrue on that date." The cause was tried at a circuit court, held in New York, before Hon. LE ROY MORGAN, justice, and a jury, in November, 1864. On the trial the foregoing facts were proven ; and the plaintiffs' counsel, in addition, offered to introduce the written testimony and proceedings before the referees, which were excluded by the court. The defendant's counsel objected to the introduction of the substitution of Loucks, his consent to act, the notice of hearing and the decision, upon the following grounds, in each instance, viz :

" 1. That it had not yet appeared in evidence that Philip Burrowes, the referee named in the lease, had become unable or refused to act in discharge of the powers conferred upon him in said lease.

2. That it did not yet appear in evidence that due diligence to charge the defendant as surety had been used by the plaintiff.

3. That no notice had been given to the defendant of any intention to make such appointment, or of its having been made."

These objections were overruled by the court, and the defendant's counsel excepted. The defendant's counsel also moved to dismiss the complaint, without assigning any grounds ; which motion was denied, and he excepted. The court then directed the jury to find a verdict for the plaintiffs, to which the defendant's counsel excepted and his exception was noted. Under the instructions of the court, the jury rendered a verdict in favor of the plaintiff for the sum of $12,245,55, being the amount claimed, (viz. $6,969.83, for fifty-three days rent, from Nov. 15th, 1853, to the time of the fire on January 8, 1854, at the rate of of $48,000 per annum,) with interest from the 8th day of January, 1854.

The exceptions were ordered to be heard in the first instance

at a general term, upon a case, with leave to enter a nonsuit ; judgment in the meantime to be suspended.

*Therasson & Bryan,* for the plaintiff.

*A. Mathews,* for the defendant.

*By the Court,* CLERKE, J.   The appointment of Loucks, as arbitrator, was in exact conformity with that portion of the lease which provided for the inability of Burrowes, or his refusal to act.   Wright, the defendant's principal, made it ; because Burrowes was unquestionably unable to act.   It was admitted, at the trial, that he had gone to Europe on the 5th of January, 1855, and had not since returned.

No notice to the surety, of the appointment of the substituted arbitrator, or of the proceedings under the arbitration, was necessary.   The principal had notice of the latter ; and that was sufficient.   The arbitration was regularly conducted ; the final decision was properly read in evidence ; and, the defendant having introduced no countervailing evidence, there was nothing to do but for the jury to render a verdict.   They found $12,245.55, being the amount claimed, $10,000, to which the defendant limited his liability, in his agreement, and $2,245.55, the interest on said amount from the 8th day of January, 1854, to the date of the verdict.   The amount of rent claimed was for fifty-three days ($6969.83,) the excess was for interest thereon, from the above mentioned date. But I am inclined to think that the surety is liable for interest only from the 23d of January, 1857, the date of the decision of the arbitrators.   The liability of the principal was only then fixed, by the express terms of the lease ; and the surety can only be liable for interest from that time.

I am of opinion, therefore, that the verdict should be set aside, unless the plaintiff consents to reduce the verdict to $6,969.83, and interest thereon from January 23d, 1857.

There should be no costs of the appeal.

[NEW YORK GENERAL TERM, November 5, 1866.   *Clerke, Ingraham* and *Sutherland,* Justices.]